UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXIS AGUILAR,

        Plaintiff,

  v.

K. OHLAND,

        Defendant.

No. C 14-0949 MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Alexis Aguilar filed a pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at Pelican Bay State Prison (PBSP), where he is currently incarcerated. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487

U.S. 42, 48 (1988).  Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Id. at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  Id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Id. at 634.

**II. Plaintiff's Allegations**

In his complaint, Plaintiff alleges that on July 21, 2013, he was issued a Rules Violation Report for wilfully delaying a peace officer in his duties.  In preparation for his disciplinary hearing, Plaintiff requested an investigative employee and a staff assistant to help him prepare his defense.  Plaintiff also stated that he wished to call witnesses in his defense.  The following day, Plaintiff told officers that he was not prepared for the hearing because he never received his investigative employee or staff assistant.  Plaintiff told Defendant Lt. K. Ohland, who was presiding over Plaintiff's hearing, that he was not prepared because he had not received an investigative employee or staff assistant and had not yet gathered witness statements.  Defendant refused Plaintiff's request for a postponement, and told Plaintiff that Plaintiff would not need any assistance because Defendant was going to find Plaintiff guilty.

**III. Claims**

Interests protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state

law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. See Wolff v. McDonnell, 418 U.S. 539, 556-57, 571-72 n.19 (1974). The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to Wolff's procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87.

Here, because Plaintiff has not proffered what sanctions were imposed upon him as a result of the finding of guilt, the Court cannot determine whether he has alleged a due process violation. Therefore, the Plaintiff's claim against Defendant is dismissed with leave to amend for Plaintiff to show whether the deprivations Plaintiff suffered are of "real substance".

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-0949 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, when it happened, what effect this had on Plaintiff, and what right Plaintiff alleges was violated. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is further advised that an amended complaint supersedes the original complaint. Plaintiff may not incorporate material from the prior complaint by reference.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: JUNE 6, 2014

Maria-Elena James
United States Magistrate Judge