1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXIS AGUILAR,                                    No. C 14-0949 MEJ (PR)

        Plaintiff,                          **ORDER OF SERVICE**

  v.

K. OHLAND,

        Defendant.
_____/

**INTRODUCTION**

Plaintiff Alexis Aguilar filed a <u>pro se</u> civil rights action under 42 U.S.C.
§ 1983 complaining of conditions at Pelican Bay State Prison (PBSP), where he is currently incarcerated.  The Court now conducts its initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**I.      Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  <u>Pro se</u> pleadings must be liberally construed.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487

U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

## II.    Plaintiff's Allegations

In his complaint, Plaintiff alleges that on July 21, 2013, he was issued a Rules Violation Report for wilfully delaying a peace officer in his duties. In preparation for his disciplinary hearing, Plaintiff requested an investigative employee and a staff assistant to help him prepare his defense. Plaintiff also stated that he wished to call witnesses in his defense. The following day, Plaintiff told officers that he was not prepared for the hearing because he never received his investigative employee or staff assistant. Plaintiff told Defendant Lt. K. Ohland, who was presiding over Plaintiff's hearing, that he was not prepared because he had not received an investigative employee or staff assistant and had not yet gathered witness statements. Defendant refused Plaintiff's request for a postponement, and told Plaintiff that Plaintiff would not need any assistance because Defendant was going to find Plaintiff guilty. As a result of the guilty finding, Defendant forfeited 90 days of Plaintiff's good time credits. Liberally construed, Plaintiff has stated a cognizable claim that Defendant violated Plaintiff's right to due process.

### CONCLUSION

1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the

United States District Court
For the Northern District of California

amended complaint and all attachments thereto (Docket No. 7), a magistrate judge

jurisdiction consent form, and a copy of this order to Lieutenant K. Ohland at Pelican Bay

State Prison.

The Clerk also shall mail a courtesy copy of the amended complaint and a copy of this

order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy

of this order to Plaintiff.

2.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure

requires them to cooperate in saving unnecessary costs of service of the summons and

complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by

the court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be

required to bear the cost of such service unless good cause be shown for his failure to sign

and return the waiver form.  If service is waived, this action will proceed as if Defendant had

been served on the date that the waiver is filed, except that Defendant will not be required to

serve and file an answer before sixty (60) days from the date on which the request for waiver

was sent.  Defendant is asked to read the statement set forth at the bottom of the waiver form

that more completely describes the duties of the parties with regard to waiver of service of

the summons.  If service is waived after the date provided in the Notice but before Defendant

has been personally served, the answer shall be due sixty (60) days from the date on which

the request for waiver was sent or twenty (20) days from the date the waiver form is filed,

whichever is later.

3.      No later than sixty (60) days from the date of the waiver is sent to Defendant,

Defendant shall file a motion for summary judgment or other dispositive motion with respect

to the cognizable claims in the complaint.  At that time, Defendant shall also submit the

magistrate judge jurisdiction consent form.

Any motion for summary judgment shall be supported by adequate factual

documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified

immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case

**United States District Court**
For the Northern District of California

3

cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.

4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than twenty-eight (28) days from the date Defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5.      Defendant shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.      All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, by mailing a true copy of the document to Defendant or Defendant's counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  <u>August 26, 2014</u>        _____
                                    Maria-Elena James
                                    United States Magistrate Judge

*United States District Court*
*For the Northern District of California*

4