UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS AGUILAR,<br><br>   Plaintiff,<br><br>v.<br><br>K. OHLAND,<br><br>   Defendant. | No. C 14-0949 MEJ (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Docket No. 13) |

## INTRODUCTION

On February 28, 2014, plaintiff, a California inmate currently incarcerated at the California Correctional Institution and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff's initial complaint was dismissed with leave to amend. Thereafter, the Court determined plaintiff's amended complaint stated a cognizable claim that he was denied due process in connection with a disciplinary hearing held at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated.

Now pending before the Court is defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that plaintiff's allegations fail to state a claim upon which relief can be granted. Plaintiff has filed opposition to the motion to dismiss, and defendant has filed a reply. For the reasons stated below, the motion will be granted.

**BACKGROUND**

In the amended complaint, plaintiff makes the following allegations:

Plaintiff received a Rules Violation Report at PBSP on July 21, 2013. The Senior Hearing Officer who presided over the hearing on this disciplinary report was defendant Lieutenant K. Ohland. During the hearing, Lieutenant Ohland allegedly denied plaintiff certain procedural protections, including an investigative employee and a staff assistant. Lieutenant Ohland also denied plaintiff all witnesses, and purportedly told him, "I'm gonna find you guilty anyway." Lieutenant Ohland ultimately found plaintiff guilty, and assessed a 90-day loss of good time credits. Plaintiff also lost television privileges for 90 days. Plaintiff requests damages, declaratory relief, and court costs.

**DISCUSSION**

A.  Standard of Review

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) (citations omitted). Review is limited to the contents of the complaint, including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Federal courts are particularly liberal in

2

construing allegations made in pro se civil rights complaints on a defendant's motion to dismiss. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citation omitted).

B.   Analysis

Defendant argues that because plaintiff lost good time credits as a result of the disciplinary hearing, his due process claim is barred by the Heck-favorable termination rule.[1] Alternatively, defendant argues that the due process claim must be dismissed because plaintiff cannot show that he was subject to a deprivation of "real substance" as required by Sandin v. Conner, 515 U.S. 472 (1995).

In his opposition, plaintiff clarifies that his credits have now been restored. Defendant concedes in her reply that the Heck issue is therefore moot. The Court will therefore only address defendant's argument that the claims are barred by Sandin.

Interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. See Wolff v. McDonnell, 418 U.S. 539, 556-57, 571-72 n.19 (1974). The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of

---

[1] Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. Heck bars a claim for use of the wrong procedures in a disciplinary hearing that resulted in the deprivation of time credits, if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641, 645 (1997).

3

disciplinary proceedings, for example, is subject to Wolff's procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87.

Here, plaintiff alleges that two sanctions were imposed on him as a result of the disciplinary proceedings: (1) a 90-day loss of television privileges, and (2) a 90-day loss of time credits. Regarding the television privileges, a temporary loss of privileges does not "present a dramatic departure from the basic conditions" of prison life. Sandin, 515 U.S. at 485. See Van Mathis v. Graber, No. C 07-3498 WHA (PR), 2008 WL 912932, *2 (N.D. Cal. Apr. 3, 2008) (twenty-one day loss of privileges was not sufficient to constitute an atypical condition of confinement and plaintiff's due process rights were therefore not implicated by the hearing); Rahman X v. Morgan, 300 F.3d 970, 973-74 (8th Cir. 2002) (no due process claim for deprivation of television, certain property, access to commissary and restrictions on outdoor exercise for twenty-six months); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996) (loss of commissary, recreation, package, and telephone privileges did not amount to an atypical and significant deprivation).

Regarding the loss of time credits, plaintiff acknowledges that his credits have been restored. There is no due process violation when good-time credits are restored as there is no significant hardship on the inmate. See Womack v. Grannis, No. 10-17952, 2011 WL 4794939, at *1 (9th Cir. Oct. 11, 2011) (affirming district court's dismissal of due process claim because good time credits had been restored); Gonzalez v. Prunty, No. 97-55718, 1998 WL 19598, at *1 (9th Cir. Jan. 20, 1998) (affirming district court's dismissal of due process claim because good-time credits were restored when the disciplinary charges were dismissed after internal appeals); Luu v. Babcock, No. S-06-2262, 2009 WL 276738, *3 (E.D. Cal. Feb. 5, 2009) (dismissing plaintiff's due process claim because good time credits were restored and the complaint did not allege an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Accordingly, the Court concludes that plaintiff's amended complaint fails to state a

4

cognizable due process claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is hereby GRANTED. Dismissal is without leave to amend as plaintiff has already amended once and it appears further amendment would be futile.

This order terminates Docket No. 13.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: May 1, 2015

Maria-Elena James
United States Magistrate Judge